**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10153 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00521-PMP-PAL-1 |
| v. | |
| DWIGHT C. JACKSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Argued and Submitted March 12, 2014
San Francisco, California

Before: FARRIS and REINHARDT, Circuit Judges, and HUCK, Senior District Judge.[**]

Dwight C. Jackson appeals his convictions of five counts of attempting to

evade or defeat tax, 26 U.S.C. § 7201, and one count of making a false, fictitious,

or fraudulent claim, 18 U.S.C. § 287. He contends that there was insufficient

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Paul C. Huck, Senior District Judge for the U.S. District Court for Southern Florida, sitting by designation.

evidence to support his conviction on each of the six counts. Specifically, he asserts that there was insufficient evidence that his tax evasion was willful, and insufficient evidence that his false statement was knowing. We affirm.

**1.** When the evidence is construed in the light most favorable to the government, a reasonable juror could conclude beyond a reasonable doubt that Jackson's acts of tax evasion were willful and not merely taken as a result of a misunderstanding of the tax laws. *See United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc). This evidence includes: Jackson's filing of a proper income tax return immediately before the years in question, *United States v. Voorhies*, 658 F.2d 710, 715 (9th Cir. 1981) ("Independent evidence of willfulness may be established by . . . acts both prior and subsequent to the indictment period [that] may be probative of the defendant's state of mind."); Jackson's taking of his actions in a calculated manner, as he shifted from one scheme to the next when the previous schemes failed; Jackson's continued filing of false tax returns even after an IRS agent instructed him that what he was doing was illegal, *id.* at 715 (holding that evidence that defendant "was put on notice of tentative tax deficiencies" yet failed to modify his conduct supports a conviction for willful tax evasion); and Jackson's nonsensical explanations to the IRS as to why his false tax returns were correct,

*Cheek v. United States*, 498 U.S. 192, 203–04 (1991) ("[T]he more unreasonable the asserted beliefs or misunderstandings are, the more likely the jury will consider them to be nothing more than simple disagreement with known legal duties imposed by the tax laws and will find the Government has carried its burden of proving knowledge.").

**2.** The above evidence also supports a finding that Jackson knew that his statement that he made no wages in tax year 2009 was false. In addition, there was evidence at trial that Jackson worked as a firefighter for the City of Henderson in 2009, that he was paid by the City biweekly, and that he received these wages. A reasonable juror could conclude that because Jackson was in fact paid wages in 2009, he knew that his statement that he earned no wages that year was false.

**AFFIRMED.**